IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Jimmy Filyaw,<br><br>    Plaintiff,<br><br>v.<br><br>Ralph J. Wilson, Attorney, a/k/a Ralph James Wilson, Jr.; South Carolina Dept of Mental Health; Office of Attorney General S.C.; the State of South Carolina,<br><br>    Defendants. | C/A No.: 5:25-cv-6455-SAL-KDW<br><br><br>**ORDER** |

  This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Shiva V. Hodges,[1] made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending Defendant Attorney Wilson be dismissed from this case. [ECF No. 11.] Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report. *Id.* at 7. Plaintiff has not objected to the Report, and the time to do so has expired.

  The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the

---

[1] This matter has since been transferred to United States Magistrate Judge Kaymani D. West. *See* ECF No. 22. But this Report remains outstanding for this court's review.

Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

The magistrate judge issued the Report on July 8, 2025. [ECF No. 11.] In that Report, she explains that Plaintiff brings this action under 42 U.S.C. § 1983, and Defendant Wilson, a court-appointed attorney who represented Plaintiff in a civil commitment proceeding, is not a proper defendant under that statute. *See id.* at 4–5. Plaintiff has filed many documents since that Report, but he does not appear to contest the recommended dismissal of Defendant Wilson. *See* ECF No. 13 at 1. To the extent any of Plaintiff's filings could be construed as objections to the recommended dismissal of Defendant Wilson, such objections are overruled since § 1983 only provides a remedy for violations of constitutional rights by state actors, and not private conduct, which includes actions by defense attorneys whether privately retained, court appointed, or a public defender. *See* ECF No. 11 at 5.

Finding no clear error in the Report, ECF No. 11, it is adopted and incorporated. Even under a de novo review, the court would adopt the recommendation and reasoning of the magistrate judge. Defendant Wilson is **DISMISSED** as a defendant in this action.

    **IT IS SO ORDERED.**

September 23, 2025  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge