IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Jimmy Filyaw, | Case No. 5:25-cv-6455-SAL |
| Plaintiff, | |
| v. | **ORDER** |
| South Carolina Dept. of Mental Health; Office of Attorney General S.C.; The State of South Carolina; Recovery Solutions; Civil Commit Housing Facility; DMH Bartlett; Medical Coordinator Ron Lawrenz; Administrator Dr. Duby; Ramos-Security; DMH Office Director Robert Bank; Kelly Gothard, Ph.D.; Alan Wilson, Attorney General; Assistant Attorney General; Carly H. Davis; Governor Henry McMaster; Senator Lindsey Graham; | |
| Defendants. | |

Plaintiff Jimmy Filyaw, proceeding pro se, brings this action against the South Carolina Department of Mental Health ("SCDMH"), the Office of the Attorney General of South Carolina, the State of South Carolina, Robert Bank, M.D., and Kelly Gothard, Ph.D. (collectively, "Defendants").[1] *See* ECF Nos. 1, 57. Plaintiff asserts claims under 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights by failing to provide timely periodic evaluations during his civil commitment to the Sexually Violent Predator Treatment Program ("SVPTP") and by exhibiting deliberate indifference to his medical needs. *See* ECF Nos. 1, 57, 128. The Office of

---

[1] Plaintiff also named Recovery Solutions, Civil Commit Housing Facility, DMH Bartlett, Medical Coordinator Ron Lawrenz, Administrator Dr. Duby, Ramos-Security, Alan Wilson, an unidentified Assistant Attorney General, Carly H. Davis, Governor Henry McMaster, and Senator Lindsey Graham as Defendants. The magistrate judge previously found that Plaintiff failed to properly serve these Defendants and now recommends their dismissal from this action. *See* ECF No. 127 at 3–4; ECF No. 128 at 3 n.3, 19. This court agrees and dismisses these Defendants without prejudice for insufficient service of process. *See* Fed. R. Civ. P. 4(m).

1

the Attorney General and the State of South Carolina moved to dismiss Plaintiff's claims, ECF No. 34, and SCDMH, Bank, and Gothard moved for summary judgment, ECF No. 85.

This matter is before the court on the Report and Recommendation ("Report") issued by United States Magistrate Judge Kaymani D. West pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report recommends granting both motions. [ECF No. 128.] Plaintiff objects. [ECF No. 136.] Also pending before the court are multiple motions to investigate filed by Plaintiff. [ECF Nos. 130, 140, 141.] For the reasons below, the court adopts the Report and its ultimate recommendation and denies Plaintiff's motions.

## LEGAL STANDARD

### I.    Review of a Magistrate Judge's Report

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id*. To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id*. But "[i]n the absence of specific objections . . . , this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009) (emphasis in original).

## II.     Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of proving to the court that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

Courts must liberally construe complaints filed by pro se plaintiffs. *Gowen v. Winfield*, 130 F.4th 162, 171 (4th Cir. 2005). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority."

3

*Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Still, the "special judicial solicitude" applicable to pro se complaints "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (1990). Accordingly, the court may not ignore a clear failure in the pleadings to allege facts which set forth a federal claim, *id.*, nor can the court presume a genuine issue of material fact where none exists. If none can be shown, summary judgment should be granted. Fed. R. Civ. P. 56(c).

## DISCUSSION

### I.     Report

The magistrate judge issued a thorough Report, recommending that the court grant the Office of the Attorney General and the State of South Carolina's motion to dismiss and SCDMH, Bank, and Gothard's motion for summary judgment. [ECF No. 128.] The Report sets forth the relevant facts and standards of law, which the court incorporates here, providing only a brief synopsis.

#### A.     Factual Background

Plaintiff has been a resident of the SVPTP since February 13, 2018, and is involuntarily committed to SCDMH's custody. *Id.* at 1. The SVPTP provides treatment to individuals civilly committed under South Carolina's Sexually Violent Predator Act, S.C. Code Ann. § 44-48-10 et seq. ("SVPA"). *Id.* at 3. The SVPA outlines procedures governing commitment, periodic-review, and release for these individuals. *Id*. at 3 (citing § 44-48-10 et seq.). The initial commitment proceeding consists of a trial before a circuit court to determine whether an individual is a sexually violent predator who must be committed to SCDMH's custody. *Id.* (citing § 44-48-100). After the court enters a commitment order, the individual must receive an evaluation from a SCDMH-designated evaluator within one year. *Id.* (citing § 44-48-100(A)(1)). The court then reviews the

4

evaluation, and the resulting review remains pending until the court enters an order reflecting either a finding of no probable cause, a waiver, or continued commitment following a periodic-review trial. *See id.* at 3–4 (§ 44-48-110(A)(1)(a)–(c)). Once the pending review is resolved, an SCDMH-designated evaluator must examine the individual again within one year. *Id*. (citing § 44-48-110(A)(1)). Essentially, this framework establishes a continuous cycle in which an order resulting in continued commitment triggers a new one-year deadline for the next evaluation, which, in turn, initiates another periodic review by the court. *See id*. at 4.

Plaintiff received his initial examination around August 28, 2021, at which the evaluator concluded that his mental condition required continued commitment. *See id*. at 13–14, 16. The evaluation was provided to the Florence County court for review, but the court did not appoint counsel for Plaintiff until May 26, 2023. *See id*. at 14, 16. Nearly another year passed before the court entered a consent order on May 9, 2024, reflecting Plaintiff's waiver of a hearing on the 2021 review. *See id*. at 14, 16–17. Plaintiff then received another evaluation on August 8, 2025. *Id*. at 14. Thus, the record reflects that, after Plaintiff underwent his 2021 evaluation, a substantial period elapsed while the resulting review remained pending in state court. *Id.* at 17. But the record contains no evidence that Defendants Gothard or Bank caused the delay or were personally involved in the state-court review proceedings, and Plaintiff presents no evidence to the contrary. *See id*. at 14–15, 17.

### B.     The Magistrate Judge's Recommendation

As an initial matter, the magistrate judge concludes that the State of South Carolina, the Office of the Attorney General, and SCDMH are entitled to Eleventh Amendment immunity because South Carolina has not consented to suit, the Office of the Attorney General and SCDMH are state agencies, and no exception to sovereign immunity applies. *See id*. at 6–10. Accordingly,

the magistrate judge recommends dismissing these Defendants from the action. *See id.* at 8, 10, 19.

Turning to Plaintiff's constitutional claims against the remaining Defendants, the magistrate judge first rejects Bank and Gothard's argument that Plaintiff lacks Article III standing, concluding that Plaintiff's alleged wrongful continuation of his commitment constitutes a personal harm. *See id.* at 10–11. The magistrate judge nevertheless concludes that, to the extent Plaintiff asserts an Eighth Amendment deliberate-indifference claim based on medical conditions he experienced while committed, the claim fails. *Id.* at 13. The magistrate judge reasons that Plaintiff neither alleges nor presents evidence that Defendants denied him medical treatment, provided improper treatment, departed from accepted professional standards, or were responsible for providing the medical care at issue. *Id.* at 12–13.

The magistrate judge further recommends granting summary judgment to Bank and Gothard on Plaintiff's Fourteenth Amendment due-process claim arising from the allegedly delayed reviews. *See id.* at 13–17. Although the record reflects a substantial lapse of time in the periodic-review process, the magistrate judge explains that Plaintiff provides no evidence that Bank or Gothard caused the delay or otherwise personally participated in the alleged deprivation. *Id.* at 17. Therefore, the magistrate judge concludes that Plaintiff cannot establish a constitutional violation attributable to either Defendant, which is fatal to his § 1983 claim. *Id.* (citing *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985)). The magistrate judge thus recommends granting Defendants' motion for summary judgment and dismissing the case in its entirety.[2] *Id.* at 19.

---

[2] The magistrate judge also concludes that, to the extent Plaintiff seeks release from civil commitment, he must pursue that relief through the procedures established by the SVPA. *Id.* at 17–18. She further concludes that Bank and Gothard are alternatively entitled to qualified immunity. *Id.* at 18–19. Neither conclusion is implicated by Plaintiff's objections.

### C.     Plaintiff's Objection

Plaintiff's sole objection states:

> Dr. Gothard admits to failing to administer annual evaluations because the laws were being amended. Annual [evaluations] were not given due to change of law. This is no excuse. My rights of due process were violated. Facts are facts.

*See* ECF No. 136 (errors in original). The court construes this statement as an objection to the Report's conclusion that Plaintiff failed to produce evidence that Gothard was personally involved with the delay in Plaintiff's periodic-review process. Plaintiff appears to rely on Gothard's discussion of the SVPA's statutory amendments in her affidavit. *See* ECF No. 85-2 at ¶ 7. Yet Gothard's affidavit does not mention that such amendments caused Gothard to delay the review.[1] *See* ECF No. 85-2. To the contrary, Gothard attested that she was not personally involved in the delay arising from the state-court proceedings. *Id.* Plaintiff's objection identifies no evidence contradicting that testimony or otherwise establishing Gothard's personal involvement. *See* ECF No. 136. Plaintiff has therefore not demonstrated a genuine issue of material fact as to Gothard's personal involvement, and this objection is overruled. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights."). Having overruled Plaintiff's sole objection and finding no clear error in the remaining recommendations, the court adopts the Report in full.

## II.     Motions to Investigate

Around the time the magistrate judge issued the Report, Plaintiff filed two documents styled as motions to investigate, followed by a related letter. *See* ECF Nos. 130, 140, 141. In these filings, Plaintiff alleges that attorneys Kindle Johnson and Kate McKain either forged or submitted unauthorized signatures purporting to waive his right to a periodic-review hearing. *See id.* He

alleges this conduct violates his Fourth, Fifth, and Fourteenth Amendment rights and asks the court to investigate the alleged misconduct, order his immediate release, and award him $1.5 million in damages. *See* ECF Nos. 130, 140, 141. These allegations and requests for relief concern conduct and individuals not identified in the operative complaint. Because Plaintiff appears to seek to assert new claims against previously unnamed defendants based on events not alleged in the operative complaint, the court liberally construes these filings as a motion for leave to amend the complaint. *See Brownlee v. W. Fraser, Inc.*, No. 8:12-CV-00857, 2015 WL 628179, at *4 (D.S.C. Feb. 12, 2015) ("New theories of recovery asserted by nonmovants in response to a motion for summary judgment should be construed as a motion to amend the party's pleadings."); *see also Rivera v. Va. Dep't of Corr.*, No. 7:15CV00156, 2016 WL 3884708, at *1 (W.D. Va. July 13, 2016) (liberally construing a pro se plaintiff's submissions expressing an intent to add two prison officials as defendants as motions to amend the complaint). Plaintiff, however, has not shown good cause for allowing amendment at this stage of the litigation.

Federal Rule of Civil Procedure 15(a)(2) generally directs courts to "freely give leave when justice so requires." But a party seeking to amend after the deadline established by a scheduling order must first demonstrate good cause under Rule 16(b)(4). *Thomas v. Walker*, No. 2:11-CV-00161-DCN, 2012 WL 424998, at *2 (D.S.C. Jan. 20, 2012); s*ee also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) ("[T]he good cause standard must be satisfied to justify leave to amend the pleadings."). Plaintiff has not demonstrated good cause here. The deadline for amending the pleadings has long passed, and Plaintiff now seeks to introduce new claims and defendants after discovery has closed, dispositive motions have been fully briefed, and the magistrate judge has issued the Report addressing the claims in the operative complaint. *See* ECF Nos. 26, 128. Plaintiff offers no explanation for why the allegations concerning Johnson and

8

McKain could not have been raised earlier or why amendment was not sought before the close of discovery. Nor does he identify any circumstances that would establish diligence or otherwise justify his delay. *See* ECF Nos. 130, 140, 141. The substance of the proposed amendment also weighs against allowing it at this late stage. Plaintiff seeks to add new defendants and claims based on alleged conduct distinct from the claims that have been litigated in this action. *See id.* Allowing amendment would substantially expand and delay the case. *See Wonasue v. University of Maryland Alumni Ass'n*, 295 F.R.D. 104, 109 (D. Md. 2013) (denying leave to amend where adding new parties and claims after discovery had closed would require additional discovery, substantially delay disposition of the case, and render the prior proceedings largely moot or irrelevant). Accordingly, the court denies Plaintiff's motions to investigate, liberally construed as a motion for leave to amend. [ECF Nos. 130, 140-141.]

**CONCLUSION**

After reviewing the Report, the applicable law, and the record of this case, the court adopts the Report and Recommendation in full. The Office of the Attorney General and the State of South Carolina's motion to dismiss, ECF No. 34, is **GRANTED** and these Defendants are **DISMISSED** with prejudice. SCDMH, Bank, and Gothard's motion for summary judgment, ECF No. 85, is likewise **GRANTED**. The remaining Defendants are **DISMISSED** without prejudice for insufficient service of process. Finally, Plaintiff's filings construed as a motion for leave to amend, ECF Nos. 130, 140, 141, are **DENIED**. Accordingly, this action is **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

July 28, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

9